IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Massachusetts Bay Insurance Company, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| 1778 Ellsworth, LLC and Jerrone ) | |
| Strickland ) | |
| ) | |
| Defendant. ) | |

**<u>Complaint for Declaratory Judgment</u>**

Comes now Plaintiff, Massachusetts Bay Insurance Company (hereinafter "Massachusetts Bay"), and files this Complaint for Declaratory Judgment seeking declaratory relief, pursuant to 28 U.S.C. § 2201 *et. seq.* and F.R.Civ.P. 57, showing this Honorable Court the following as justification for such relief:

**Summary of Action**

1. This Declaratory Judgment Action arises out of claims of damages arising from injuries allegedly suffered by Jerrone Strickland asserted in a Complaint filed by Jerrone Strickland in the State Court of Fulton County, Civil Action File No. 24E003797, a copy of which is filed as Exhibit 1 to this Complaint. (hereinafter, "the Complaint").

2. Massachusetts Bay, a Hanover Insurance Group company ("Hanover"), seeks a declaration regarding the parties' rights and obligations, if any under the insurance coverage form contained in Massachusetts Bay Policy No. ODA-D410293-04, effective 11/01/2021-11/01/2022, filed as Exhibit 2 to this Complaint and Bates marked 000001-000148. (hereinafter, "the Policy").

3. Massachusetts Bay seeks a declaration that it is not obligated to defend and is not obligated to indemnify 1778 Ellsworth, LLC under the Policy in connection with the lawsuit styled *Jerrone Strickland v. 1778 Ellsworth, LLC, et. al.,* State Court of Fulton County, Civil Action File No. 24EV003797 as a result of 1778 Ellsworth's failure to timely notify Massachusetts Bay of the Jerrone Strickland occurrence and Complaint after its receipt of the Complaint by its registered agent Arthur J. Schneider.

**Parties, Jurisdiction and Venue**

4. Plaintiff Massachusetts Bay is a New Hampshire corporation with its principal place of business at 440 Lincoln St., Worcester, Massachusetts, 01653.

5. Defendant 1778 Ellsworth, LLC (hereinafter, "1778 Ellsworth") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. The registered agent of 1778 Ellsworth is Arthur J. Schneider, who resides at 655 Woodward Way, N.W., Atlanta, Georgia 30327.

2

6.  Jerrone Strickland is a resident of Fulton County, Georgia.

7.  This Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

8.  Venue is proper in this district under 28 U.S.C. § 1391(b).

9.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### The Policy

10.  The Policy was delivered to Arthur and Victoria Scheider in Atlanta, Georgia.

11.  The Policy issued to 1778 Ellsworth LLC provides $1,000,000 of liability coverage for each occurrence and $2,000,000 in the aggregate subject to the Policy's terms, conditions, and exclusions. (Exhibit 2, p. 2, Business Owners Declarations, p. 1; Exhibit 2, p. 98, Business Owners Coverage Form, Section II, ¶ A, Form 391-1003 08 16).

12.  The Policy states that, "We will pay those sums the insured becomes legally obligated to pay as damages because of 'bodily injury'…to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury'… to which this insurance does not apply." (Exhibit 2, p. 98).

13.  The Policy defines bodily injury as "bodily injury, sickness or disease sustained by any person from any of these at any time. 'Bodily

3

injury' includes mental anguish or other mental injury resulting from 'bodily injury'". (Exhibit 2, p.113).

14. The Policy defines "Suit" as "a civil proceeding in which damages because of 'bodily injury'… to which this insurance applies are alleged." (Exhibit 2, p. 116).

15. The policy defines "Occurrence" as 'an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Exhibit 2, p. 115).

16. The Conditions of the Policy state the following:

"**2.   Duties in the Event of Occurrence, Offense, Claim, or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an 'occurrence' or offense which may result in a claim. To the extent possible, notice should include:

     **(1)** How, when and where the 'occurrence' or an offense took place;

     **(2)** The names and address of any injured persons and witnesses; and

     **(3)** The nature and location of any injury or damage arising out of the 'occurrence' or offense.

   **b.** If a claim is made or 'suit' is brought

4

>Against any insured you must:
>
>(1) Immediately record the specifics of the claim or 'suit' and the date received;  and
>
>(2)  Notify us as soon as practicable.
>
>You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.
>
>**c.** You and any other involved insured must:
>
>**(1)**  Immediately send us copies of any demands, notices, summons or legal papers received in connection with the claim or 'suit';

(Exhibit 2, p. 112).

17.  The Businessowners Liability Special Broadening Endorsement of the Policy states the following:

>"**9.  Unintentional Failure to Notify**
>
>The following is added to **SECTION II – LIABILITY, E. Liability and Medical Expenses General Conditions, 2. Duties in the event of Occurrence, Offense, Claim or Suit:**
>
>Your rights afforded under this Coverage Part Shall not be prejudiced if you fail to give us notice of an 'occurrence', offense, claim or 'suit' solely due to your reasonable and documented belief that the 'bodily injury', 'property damage' or personal and advertising injury' is not covered under this Policy."

5

(Exhibit 2, p. 38).

18. The Conditions of the Policy state the following:

**"3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a 'suit' asking for damages from an insured; or

**b.** To sue us on this policy unless all of its terms have been fully complied with."

(Exhibit 2, p. 112)

## The Underlying Action

19. On May 2, 2024, Plaintiff Jerrone Strickland filed his Complaint in the State Court of Fulton County, Civil Action File No. 24EV006797, in Atlanta, Georgia against several Defendants including 1778 Ellsworth, LLC. (Exhibit 1, "Complaint").

20. The style of the Complaint names 1778 Ellsworth, LLC as a Defendant. (Exhibit 1, p. 1)

21. The Complaint alleges that Defendant 1778 Ellsworth LLC owns 1778 Ellsworth Industrial Blvd NW, Atlanta, Georgia 30318. (Exhibit 1, Complaint ¶ 15).

6

22. The Complaint alleges that Defendants Revel and Born operate a club called Revel Atlanta on the 1778 Ellsworth premises. (Exhibit 1, Complaint ¶ 16).

23. The Complaint alleges that on August 24, 2022, Jerrone Strickland was an invitee on the premises of Defendants Reed and Defendant 1778 Ellsworth and that he was assaulted and physically attacked by Defendants Audley, Iron, and security employed by Defendant Revel and or Defendant Born. (Exhibit 1, Complaint ¶ 22-23).

24. The Complaint alleges that Jerrone Strickland suffered injuries to his head, neck, back, left wrist/hand, right shoulder, left elbow and suffered loss of income as a result of the attack. (Exhibit 1, Complaint ¶ 24).

25. The Complaint asserts premises liability and assault and battery claims against Defendant 1778 Ellsworth, LLC. (Exhibit 1, Complaint ¶ 25-36).

26. The Complaint alleges that Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future as a result of Defendants' conduct. (Exhibit 1, Complaint ¶ 44).

27. The Complaint alleges that Plaintiff has incurred future lost wages as a result of Defendants' conduct. (Exhibit 1, Complaint ¶ 45).

28. The Complaint alleges that Plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.  (Exhibit 1, Complaint ¶ 46).

29. The Complaint alleges that Plaintiff is entitled to recover punitive damages from Defendants.  (Exhibit 1, Complaint ¶ 48).

30. The Summons and Complaint were served on 1778 Ellsworth's registered agent Arthur Schneider at 665 Woodward Way Northwest, Atlanta, Georgia 30327 on May 21, 2024 at 10:12 a.m.  (Exhibit 3, Affidavit of Service, filed 6/10/2024).

31. In the days, weeks, and months after his receipt of the Complaint, Arthur Scheider did not notify Massachusetts Bay or any employee and/or agent of Hanover Insurance Group of the filing of the Complaint and did not send the Complaint to Massachusetts Bay or any employee and/or agent of Hanover Insurance Group.

32. 1778 Ellsworth did not file an answer to the Complaint and became in default.

33.  On December 17, 2024, Strictland's counsel filed Plaintiff's Motion for Entry of Default Judgment against Defendant 1778 Ellsworth. The certificate of service reflects that this Motion was mailed to Arthur Schneider at 665 Woodward Way, NW, Atlanta, Georgia 30327.

34. In December of 2024, Massachusetts Bay did not receive notice from anyone that the Motion for Default was filed.

35. No response to the Motion for Default was filed.

36. On January 31, 2025, the Court entered its Order granting Plaintiff's Motion for Default Judgment as to liability against 1778 Ellsworth.

37. Massachusetts Bay did not receive notice of the Strickland incident and Complaint until June 9, 2025, when counsel for 1778 Ellsworth provided notice to Hanover.

38. On June 19, 2025, Hanover on behalf of Massachusetts Bay issued a reservation of rights letter to 1778 Ellsworth and is providing a defense to 1778 Ellsworth pursuant to this reservation of rights.

**Count I**

**Declaratory Judgment**

39. Massachusetts Bay incorporates by reference the allegations contained in paragraphs 1-38 above in this Complaint as if fully set forth herein.

40. 1778 Ellsworth, LLC breached a condition precedent to coverage by failing to notify Massachusetts Bay or Hanover of the Strickland incident described in the Complaint as soon as practicable after receiving the Complaint.

41. 1778 Ellsworth, LLC breached a condition precedent to coverage by failing to notify Massachusetts Bay or Hanover of the Complaint as soon as practicable after receiving the Complaint.

42. 1778 Ellsworth, LLC breached a condition precedent to coverage by failing to immediately send the Complaint to Massachusetts Bay or Hanover after receiving the Complaint.

43. Massachusetts Bay is in a position of uncertainty and insecurity with respect to its rights and duties under the Policy.

44. This situation presents a justiciable controversy such as will justify a declaratory judgment as to whether Massachusetts Bay owes a duty to defend and indemnify 1778 Ellsworth, LLC for the allegations and claims asserted in the Complaint by Jerrone Strickland.

Wherefore, Plaintiff Massachusetts Bay Insurance Company respectfully prays as follows:

    a. that it be awarded a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and F.R.Civ.P. 57, relieving it from any duty to defend 1778 Ellsworth, LLC for the claims asserted in the Complaint filed by Jerrone Strickland in the State Court of Fulton Count, Civil Action File No. 24E003797;

    b. that it be awarded a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and F.R.Civ.P. 57, relieving it from any duty to

indemnify 1778 Ellsworth, LLC for the claims asserted in the Complaint filed by Jerrone Strickland in the State Court of Fulton Count, Civil Action File No. 24E003797; and,

c.  that it be awarded all further relief as this Court may deem equitable and just.

                                                      Lokey, Mobley and Doyle, LLP

/s/  *Kevin A. Doyle*
Kevin A. Doyle
Georgia Bar No. 228449

Peri E. Bailey
Georgia Bar No. 725622

Attorney for Plaintiff
Massachusetts Bay Insurance Company

8425 Dunwoody Place
Atlanta, Georgia  30350
(770) 640-9441
kdoyle@mobley-doyle.com

11